## IN THE CIRCUIT COURT OF HOLMES COUNTY
## FIRST JUDICIAL DISTRICT

**NIKHAL STEELE**                                                      **PLAINTIFF**

**V.**                                                      CAUSE NO: 2022-0133

**HOLMES COUNTY CONSOLIDATED SCHOOL DISTRICT;**
**AND JOHN AND JANE DOES 1-7**                            **DEFENDANT**

THE STATE OF MISSISSIPPI, HOLMES COUNTY

TO:  Holmes County Consolidated School District
     c/o Jennifer Wilson or otherwise the
     Superintendent or Interim Superintendent
     313 Olive Street
     Lexington, MS 39095
     *Or wherever else they may be served*

RECEIVED JUN 2 2 2022

### NOTICE TO DEFENDANT

**The Complaint which is attached to this Summons is important and you must take immediate action to protect your rights.**

You are required to mail or hand-deliver a copy of a written response to the Complaint herein to MICHAEL R. BROWN, one attorney for the Plaintiff, whose address is 120 NORTH CONGRESS STREET, SUITE 710 JACKSON, MISSISSIPPI 39201.  Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a Judgment by Default will be entered against you for the money or other things demanded in the complaint. You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this the 15th day of June, 2022.

BY: Brenda Travis, D.C.

Earline Wright Hart
CIRCUIT CLERK OF HOLMES COUNTY

**EXHIBIT**

**A**

1

## IN THE CIRCUIT COURT OF HOLMES COUNTY
### FIRST JUDICIAL DISTRICT

NIKHAL STEELE                                                                          **PLAINTIFF**

**V.**                                              CAUSE NO: 2022-0133

HOLMES COUNTY CONSOLIDATED SCHOOL DISTRICT;
AND JOHN AND JANE DOES 1-7                                      **DEFENDANT**

### COMPLAINT
### (A JURY TRIAL IS DEMANDED)

Plaintiff, NIKHAL STEELE, comes before the Honorable Court in the above-styled case and files this, her Complaint. In support hereof she respectfully shows unto the Honorable Court, the following:

### PARTIES

1.    Plaintiff, NIKHAL STEELE, is a citizen and resident of Holmes County, Mississippi residing and domiciled at 115 A 3rd Street, Lexington, MS 39095.

2.    All Defendant persons or entities referred to above are collectively referred to as "Defendant" or "Defendants" unless a Defendant is otherwise specifically named in any claim, fact, or allegation. Defendant, Holmes County Consolidated School District may be served care of Jennifer Wilson or otherwise to the Superintendent or Interim Superintendent, 313 Olive St., Lexington, MS 39095 or wherever else Defendant may be found or served. In addition to the above, John and Jane Does are the proper party names and corresponding locations for service to the extent they have not been properly named or provided above.  Defendants and John and Jane Does shall also refer to entities or individuals who would otherwise be legally responsible due to any agreement or operation of law, or reasonable interpretation of law to the extent Plaintiff later agrees

1

they shall be joined. This action has been filed while reserving the right to assure proper party names and/or formal party names are added or amended.

3. This shall serve as Plaintiff's Motion to Substitute or amend the party names to assure the proper parties are before the Court consistent with the intent of Mississippi Rules of Civil Procedure (and defining law) to allow the same. All counts, claims, paragraphs and causes of action are alleged in addition to and in the alternative to each other.

## JURISDICTION AND VENUE

4. Venue is proper under Mississippi Code Ann. § 11-11-3 (and all other relevant sections of law). Actionable conduct forming the basis for this Complaint occurred in the above district. Further this Honorable Court has jurisdiction of this matter pursuant to Mississippi Code of 1972 § 9-7-81 and all amount in controversy requirements have been met as Plaintiff prays for relief at amounts to be determined at trial by jury in excess of the minimum jurisdictional amounts of this Court. This Court also has jurisdiction over a suit against the county per Mississippi Code of 1972 § 11-45-17. This court therefore has personal and subject matter jurisdiction over the parties and the controversy.

5. Prior to the commencement of this action, and in an abundance of caution, Plaintiff gave notice to Defendant pursuant to the Mississippi Tort Claims Act, MS Code of 1972 § 11-46-11 *et seq.* Plaintiff maintains that the MS Tort Claims Act shall not apply to some or all of the claims referred to below however provided the notice in an abundance of caution to the extent it may be argued by Defendant that the notice requirement applies. Specifically the notice requirements do not apply to breach of contract claims, breach of the implied covenant of good faith and fair dealing, and tortious breach of contact claims. In addition, the notice requirements do not apply to Plaintiff's FMLA claims referred to below. Plaintiff is entitled to a jury trial on all claims not

governed by the Mississippi Tort Claims Act, which, necessarily applies to tort claims.  All collective notices and proofs of receipt are attached hereto as *Exhibit "A".*

6.     All claims, sentences, statements, causes of action, paragraphs and theories of recovery are alleged in the alternative to each other, and also in addition to each other.  All matters are set forth while reserving the chance to provide additional or explaining details.  All facts, acts, omissions, legal violations, circumstances, and events forming the basis of this Complaint shall be collectively referred to as "actionable conduct".

## FACTS

7.     This action arises under the Family Medical Leave Act (FMLA), 29 U.S.C § 2601 *et seq.* and claims damages in excess of $15,000.00 exclusive of fees and costs.

8.     This Court has jurisdiction to hear these claims as a FMLA case may be brought in a State or Federal Court of competent jurisdiction.  Defendant is otherwise subject to suit under the FMLA.

9.     Plaintiff is an individual and considered a "Eligible employee" within the meaning of the FMLA at all times referred to in this Complaint.

10.     Defendant was an "Employer" within the meaning of the FMLA, at all times referred to in this Complaint.

11.     Plaintiff worked for Defendant from on or about July 2017.  While Plaintiff is not absolutely sure of the exact start date, she certainly worked for Defendant for well over 2 years. Plaintiff worked as an Administrative Assistant.  She was paid a salary.  Plaintiff and Defendant agreed that Plaintiff would work in return for pay.  It was known and should have been known to the parties that Defendant and Plaintiff expected Defendant would follow appliable Federal Law including the FMLA.  Plaintiff had this reasonable expectation of employment and relied upon it in working at Defendant.  There was an arms-length agreement and relationship.  Regardless of

3

whether Defendant maintained it offered only Employment "at-will" that did not include Defendant being permitted to violate applicable Federal Law in carrying out the employment agreement.

12.    In mid-May 2021, the school district transitioned to a new superintendent, Dr. Debra Powell.

13.    On July 19th, 20th, and 21st, 2021 Plaintiff took approved leave because she had acquired vacation time and was entitled to that leave.  Plaintiff informed her immediate supervisor, Ms. Shintri Hathorn.  The leave was approved by Ms. Hathorn.

14.    Upon reasonable information and belief, the assistant superintendent, Dr. Shinelle Mayers, and HR Rep, Hannah Brooks were also informed of this leave.

15.    All days off were approved through the chain of command.  In alternative and in addition, Plaintiff performed no action nor inaction which would have negated her right to take the leave.

16.    On or about Thursday July 22nd, Claimant returned to work and worked from approximately 8 a.m. to 3 p.m.

17.    Plaintiff had previously planned to have her Covid vaccination on Friday July 23rd. She complied with all policies for taking a brief time off on Friday.

18.    On or about Friday the 23rd, Plaintiff in fact tested positive for Covid-19 and informed her Employer.

19.    On or about Sunday July 27th, Dr. Deborah Powell, superintendent contacted Plaintiff and asked for the Covid results.  Plaintiff informed Dr. Powell that she did not in fact have the Covid results because they had not been given to her by the doctor although the doctor verbally told her regarding the positive test.

20.    Plaintiff obtained the documentation on Tuesday July 29th and had previously maintained communication regarding her efforts to receive the test result.

21.    In the morning of July 27th, Dr. Mayers indicated something was in the file but not to worry.

22.    Plaintiff informed her Employer that she would need to take FMLA leave because of the positive test result. She was suffering from an obviously serious health condition well known as Covid-19 imposing potential risk to others, as well as herself and otherwise extremely dangerous. Plaintiff at all times gave notice of her intention to take FMLA leave.

23.    Plaintiff was in quarantine for 14 days up until August 10th.

24.    Apparently, Plaintiff was terminated on or about July 26th. Although a letter was apparently sent by Certified Mail, Claimant did not receive it until September 1st. Dr. Mayers told Plaintiff that Plaintiff was terminated but could not say why.

25.    Plaintiff clearly suffered from a serious health condition and sought to take reasonable leave, but that leave was not accommodated. Plaintiff was terminated in violation of the Family Medical Leave Act (FMLA).

26.    As a direct and proximate result of the above, Plaintiff suffered and will suffer lost wages, and other losses as more fully described below as a direct and proximate result of the above actionable conduct. Those damages include but are not limited to emotional distress damages. While some claims are founded in Contract, the damages and losses were of the kind and character that would be reasonably expected to follow from the breaches such as the kind referred to in this complaint. Plaintiff suffered and suffers significant emotional distress so as to allow recovery in contract and other provisions of law.

## COUNT I:
## VIOLATIONS OF FMLA
## AND INTERFEREANCE WITH FMLA RIGHTS GENERALLY

27.    The allegations contained in Paragraphs above and below are incorporated herein by reference as though expressly set forth.

28.    Defendant interfered with, restrained, and/denied Plaintiff's exercise of her rights under the FMLA by taking adverse employment action as referred to above.

29.    Defendant completely failed to afford Plaintiff the rights available under the FMLA to allow her appropriate leave for a serious health condition.

30.    Plaintiff was at all times, an eligible employee. She worked for a covered Employer. She was entitled to take FMLA leave and not to be terminated. Plaintiff notified her Employer of her intention to take FMLA leave, and Plaintiff was denied the benefits that she was entitled to.

31.    Defendant refused and/or denied and/or willfully disregarded Plaintiff's rights to leave under the FMLA and instead summarily terminated her.

32.    While Plaintiff's claims exist regardless, Plaintiff alleges in the alternative and in addition that Defendant's violations were intentional, willful, and/or in reckless disregard for her statutory rights.

33.    Defendant has violated the FMLA including but not limited to § 105 and § 825.220.

34.    All losses alleged and or referred to in this Complaint were incurred as a direct and proximate result of Defendants' conduct and legal violations.

35.    Plaintiff has suffered losses referred to below as a direct and proximate result of the above breaches. The losses and damages suffered as a result of the claims in this Count are meant to include all categories and types of damages otherwise mentioned in this Complaint, as well as otherwise available pursuant to any laws implicated by the facts and allegations of this Complaint.

## COUNT II:
## FMLA RETALIATON

36.    The allegations contained in Paragraphs above and below are incorporated herein by reference as though expressly set forth.

37.    Plaintiff sought to exercise and attempted to exercise her FMLA rights.

38.     Plaintiff exercised her statutorily protected rights in claiming she was entitled to FMLA leave. Defendant took adverse action against her in the form of termination which adverse action was caused by her attempts to exercise her FMLA rights.

39.     Defendant has violated the FMLA including but not limited to § 105 and § 825.220.

40.     Defendant refused and/or denied and/or willfully disregarded Plaintiff's rights to leave under the FMLA and instead summarily terminated her. In the alternative, Defendant acted with reckless disregard.

41.     While Plaintiff's claims exist regardless, Plaintiff alleges in the alternative and in addition that Defendant's violations were intentional, willful, and/or in reckless disregard for her statutory rights.

42.     All losses alleged and or referred to in this Complaint were incurred as a direct and proximate result of Defendant's conduct and legal violations.

43.     Plaintiff has suffered losses referred to below as a direct and proximate result of the above breaches. The losses and damages suffered as a result of the claims in this Count are meant to include all categories and types of damages otherwise mentioned in this Complaint, as well as otherwise available pursuant to any laws implicated by the facts and allegations of this Complaint.

## COUNT III:
## BREACHES OF CONTRACT UNDER STATE LAW

44.     Plaintiff re-alleges and incorporates all provisions set forth above and below as if fully incorporated herein. The claims alleged in this Count are alleged in the alternative, and in addition, to each other. They are alleged in the alternative, and in addition, to the claims in the other Counts as well.

45.     Plaintiff offered and/or promised to work for Defendant in return for Defendant's agreement to pay. There was mutual consideration in the form of these mutually exchanged promises. Plaintiff reasonably, and should have reasonably, understood at the time of the agreement

that Plaintiff would not be subject to the conduct referred to above which was in violation of the FMLA. Plaintiff's understandings were in part due to a reasonable understanding of what they should expect in a reasonable work environment. There was an offer and acceptance, mutual assent to terms and conditions referred to in this Count, and consideration. There was a binding contract.

46.     Plaintiff had the reasonable expectation as part of the employment arrangement that Defendant would not cause the end of the employment agreement as fully stated above in each section of facts and that Defendant would not engage in actionable conduct. Plaintiff reserves the right to illustrate other breaches implicit in the facts as discovery is ongoing.

47.     As a direct and proximate result of the breaches and legal violations referred to above, Plaintiff suffered and will suffer damages as more fully described below. The breaches and legal violations referred to in this Complaint were willful, intentional, in reckless disregard for State and Federal law. They exist regardless of Defendant's position on the matters stated in the prior sentence.

48.     The losses and damages suffered as a result of the claims in this Count are meant to include all categories and types of damages otherwise mentioned in this Complaint, as well as otherwise available pursuant to any laws implicated by the facts and allegations of this Complaint.

## COUNT IV:
## BREACHES OF IMPLIED COVENANT
## OF GOOD FAITH AND FAIR DEALING UNDER STATE LAW

49.     Plaintiff re-alleges and incorporate all provisions set forth above and below as if fully incorporated herein. The claims alleged in this Count are alleged in the alternative, and in addition, to each other. They are alleged in the alternative, and in addition, to the claims in the other Counts as well.

50.     The employment agreement contained an implied duty of good faith and fair dealing in their performance and enforcement and ending of the agreement.

51.     The actionable conduct perpetrated upon Plaintiff violated standards of decency, fairness, and reasonableness in all respects.  Defendant failed to act decently, fairly, or reasonably. Plaintiff likewise incorporates all descriptions of the conduct as referred to in all other parts of this Complaint.

52.     Defendant did not act in good faith and fair dealing when committing the breaches when considering their nature.  Defendant also breached this covenant when considering how it terminated Plaintiff and or caused an end to the employment relationship and otherwise engaged in actionable conduct.

53.     Defendant is therefore responsible for breaches of the implied covenant of good faith and fair dealing when considering all factors referred to in this Complaint.

54.     As a direct and proximate result of the breaches and legal violations referred to above, Plaintiff suffered and will suffer damages as more fully described below. The breaches and legal violations referred to in this Complaint were willful, intentional, in reckless disregard for State and Federal law.  They exist regardless of Defendant's position on the matters stated in the prior sentence.

55.     The losses and damages suffered as a result of the claims in this Count are meant to include all categories and types of damages otherwise mentioned in this Complaint, as well as otherwise available pursuant to any laws implicated by the facts and allegations of this Complaint.

## COUNT V:
## TORTIOUS BREACHES OF CONTRACT
## BEHALF OF ALL PLAINTIFFS AGAINST ALL DEFENDANTS
## UNDER STATE LAW

56.     Plaintiff re-alleges and incorporates all provisions set forth above and below as if fully incorporated herein.  The claims alleged in this Count are alleged in the alternative, and in addition, to each other.  They are alleged in the alternative, and in addition, to the claims in the other Counts as well.

57.     There was a binding contract as more fully described in the above Counts incorporated.  Defendant breached the contact.

58.     In the alternative and in addition, Defendant did not adhere to the expressed and/or implied terms of its agreement with Plaintiff when subjecting her to the actionable conduct.

59.     <u>Further, the breaches of contract referred to in this Complaint were conducted as part of carrying out other violations. The means by which Defendant breached its employment agreement with Plaintiff was by and through tortious means.  Defendant acted intentionally and or otherwise tortiously. Defendant therefore engaged in the tort of tortious breach of contract rendering Defendant liable and vicariously liable for intentional conduct carried out in the course and scope of employment</u>.

60.     As a direct and proximate result of the breaches and legal violations referred to above, Plaintiff suffered and will suffer damages as more fully described below. The breaches and legal violations referred to in this Complaint were willful, intentional, in reckless disregard for State and Federal law.  They exist regardless of Defendant's position on the matters stated in the prior sentence.

61.     The losses and damages suffered as a result of the claims in this Count are meant to include all categories and types of damages otherwise mentioned in this Complaint, as well as otherwise available pursuant to any laws implicated by the facts and allegations of this Complaint.

**COUNT VI:**
**NEGLIGENCE AND GROSS NEGLIGENCE CLAIMS**
**BEHALF OF ALL PLAINTIFFS AGAINST ALL DEFENDANTS**
<u>**UNDER STATE LAW**</u>

56.     Plaintiff re-alleges and incorporates all provisions set forth above and below as if fully incorporated herein.  The claims alleged in this Count are alleged in the alternative, and in addition, to each other.  They are alleged in the alternative, and in addition, to the claims in the other Counts as well.

57.     Defendant owed duties of reasonable care in carrying out policies procedures and practices including but not limited to those related to leave requests, employees taking leave, granting or denying leave and otherwise related to leave.   Defendants duties of reasonable care including but were not limited to duties to assure it used reasonable care in following Federal Law including but potentially not limited to the FMLA.   Defendant knew of and should have known of its duties referred to here.   Defendant owed duties of reasonable care to assure it's termination decisions were made appropriately, carefully and in a manner that did not violate the law. Defendant owed other duties related to its actionable conduct so as to be illustrated in discovery.

58.     Defendant breached all duties referred to above and the breaches were the direct and proximate cause of Plaintiff's damages referred to in this Complaint.

59.     In the alternative and in addition, Defendant's breaches were grossly negligent in so far as Defendant knew of and should have know of its duties and acted in reckless disregard and/or grossly negligently, and/or willfully and in such a way and character constituting gross negligence.

60.     As a direct and proximate result of the breaches and legal violations referred to above, Plaintiff suffered and will suffer damages as more fully described below. The breaches and legal violations referred to in this Complaint were willful, intentional, in reckless disregard for State and Federal law.   They exist regardless of Defendant's position on the matters stated in the prior sentence.

61.     The losses and damages suffered as a result of the claims in this Count are meant to include all categories and types of damages otherwise mentioned in this Complaint, as well as otherwise available pursuant to any laws implicated by the facts and allegations of this Complaint.

## DAMAGES INCLUDING, BUT NOT LIMITED TO, PUNITIVE DAMAGES

62.     Plaintiff re-alleges and incorporates all averments set forth in all paragraphs above as if fully incorporated herein.   Plaintiff suffered losses and damages as set forth above and below.

11

They are incorporated herein as a result of Defendant's actionable conduct. Plaintiff is entitled to punitive damages for conduct that was grossly negligent, willful and/or wanton and/or in reckless disregard for the law.  In the alternative and in addition, Defendant's actions against Plaintiff were of the kind and character so as to support all damages referred to in this Complaint including but not limited to punitive damages.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF RESPECTFULLY PRAYS that the Court cause service to issue in this cause upon the Defendant and that this matter be set for trial. Upon trial by jury thereon, Plaintiff prays that the following relief be granted separately for each Count, claim, or cause of action against Defendant.  Plaintiff prays for all damages she may recover against Defendant including but not limited to:

1.      Past, present and future lost wages (front pay and back pay) to the fullest extent recoverable, value of employment benefits of any kind (including but not limited to lost value of any insurance or anything of value Plaintiff received during employment or would have received during or following employment if not for the conduct alleged), lost value of incidentals and other pecuniary losses proximately caused by Defendant's unlawful conduct to be illustrated in discovery, as well as all other fair compensation for the acts and omissions referred to;

2.      Damages against Defendant in an amount to be determined by the jury for damages described above and herein and above the minimum jurisdictional amount. Those damages include but are not limited to (recovery for the following categories of damages are sought in the alternative and in addition to each other): compensation for past, present, and future emotional distress and non-economic losses; past, present, and future out of pocket costs; past, present, and future loss of enjoyment of life; past, present, and future pain and suffering; past, present, and future mental anguish; past, present, and future lost wages to the fullest extent recoverable; loss of wage earning capacity; costs related to medical or mental health treatment which might occur in the future if OR

which Plaintiff might be recommended to have, or which she might have been recommended. Plaintiff otherwise prays for any medical care, counseling, mental health care, psychiatric or psychological care which might be recommended, or which might have been recommended, which might occur, or which might have occurred, in the past, present or future, or for the past, present and future. Recovery is sought to be calculated based on each separate claim and cause of action individually to the fullest extent possible. Plaintiff prays for all other compensatory damages, and other damages she may legally recover under State and Federal Law. Plaintiff also claims all costs, pre-judgment interest, post-judgment interest, costs of this action, expenses of this action, expert witness fees and reasonable attorney's fees and any other damages allowed under actions brought pursuant to all above laws, under which Plaintiff specifically intend to bring this Complaint; and

3.  Plaintiff prays for all compensatory damages and other damages available under any count as a result of Defendant's tortious breaches, breaches, and other State and Federal law violations whether or not specifically stated herein.

4.  Plaintiff prays for punitive damages in the maximum amount allowed by law to the extent recoverable under any Count.

5.  Plaintiff prays for liquidated damages per the FMLA.

6.  Such further relief as is deemed just and proper. (Plaintiff claims all categories of damages recoverable in this action including but not limited to all compensatory and punitive damages and all other damages recoverable according to any applicable State and Federal Law).

THE REMAINDER OF THIS PAGE HAS BEEN INTENTIONALLY LEFT BLANK

7.      Plaintiff prays for trial by Jury on all claims.

RESPECTFULLY SUBMITTED THIS THE ___25__ day of __May__, 2022.

BY THE PLAINTIFF,
NIKHAL STEELE
THROUGH COUNSEL,
MICHAEL R. BROWN, ESQ.

_____
MICHAEL R. BROWN, ESQ.

Michael R. Brown, Esq., (MSBN: 99126)
THE MICHAEL R. BROWN LAW OFFICES, PLLC
120 North Congress Street, Suite 710
Jackson, MS 39201
Tel: (601) 948-5330
Fax: (601) 948-5415
Email: mbrown@mikelawms.com

FILED
10100 A.M. or P.M. _____
JUN 1 5 2022
EARLINE WRIGHT-HART, CIRCUIT CLERK
BY Brenda hair D.C.

14



## THE MICHAEL R. BROWN LAW OFFICES, PLLC
120 N. CONGRESS ST. | SUITE 710 | JACKSON, MISSISSIPPI 39201

January 31, 2022

Attn: Risk/Loss Department
Holmes County Consolidated School District
313 Olive St.
Lexington, MS 39095
*Sent by Certified Mail 7019 1640 0000 3306 0138*

Office of the Attorney General Civil Litigation Division
550 High St.
Jackson, MS 39201
*Sent by Certified Mail 7019 1640 0000 3306 0145*

**Re:    Nikhal Steele**
        **D.O.B: 10/6/1987**

### NOTICE OF CLAIM
### PLEASE FORWARD TO YOUR INSURANCE CARRIER OR ATTORNEY

Dear Holmes County Consolidated School District and Attorney General's Office:

Thank you for your time and attention to this. I represent the above in claims arising out of the Family Medical Leave Act when she was terminated on or about July 2021 after reporting to her Employer that she needed to be off work due to Covid quarantine.

I have previously sent the attached letter but have not received any response in an effort to evaluate this for all parties.

I am copying the Attorney General's Office because it is my understanding that they have taken over management of the Holmes County Consolidated School District.

I continue to believe it will be in our mutual benefit to discuss this prior to litigation though I may need to proceed directly to litigation if we cannot discuss this. I am open to your position on it should you wish to engage in communication.



1

Thank you for your time and attention to this matter.

Sincerely,

Michael R. Brown

MRB/jb

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Holmes County Consolidated School
District
313 Olive St.
Lexington, MS 39095

9590 9403 0396 5163 5480 01

2. Article Number (Transfer from service label)

7019 1640 0000 3306 0138

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X Anne Wilson

☐ Agent
☐ Addressee

B. Received by (Printed Name)

Annie Wilson

C. Date of Delivery

2/3/22

D. Is delivery address different from item 1? ☑ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, April 2015 PSN 7530-02-000-9053

Domestic Return Receipt



THE MICHAEL R. BROWN LAW OFFICES, PLLC
120 N. CONGRESS ST. | SUITE 710 | JACKSON, MISSISSIPPI 39201

February 11, 2022

**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED**
**# 7019 1640 0000 3306 0190**

Attn: Superintendent, CEO, or Other Highest Officer
Holmes County Consolidated School District
313 Olive St.
Lexington, MS 39095

RE:   **Plaintiff:**                    **Nikhal Steele**

      **Date of Injury:**            **Plaintiff's last work was on or about July 22, 2021.**
                               **Defendant apparently represented it sent a**
                               **termination letter on July 26, 2021.**

      **Residence at time of**
      **injuries and currently:**       **115 A 3rd Street**
                               **Lexington, MS 39095**

Dear Superintendent, CEO, or Other Highest Officer

### INTRODUCTION

This notice of claim is being sent to you consistent with the Mississippi Code of 1972 Section 11-46-11. It is forwarded to you in order to comply with all other notice requirements which might apply.

This is to also confirm that this correspondence fulfills all notice requirements under the Mississippi Tort Claims Act or as otherwise may be applicable prior to commencement of any causes of action. Unless I immediately hear otherwise from you, I will assume the parties are in agreement as to the above, and also that all notice requirements have been complied with as to both substantive and technical legal requirements.

We respectfully noted that a basic notice of claim letter indicating intentions to pursue claims under the Family Medical Leave Act (FMLA). Nevertheless, Plaintiff also intends to pursue state law claims. This shall hereby be considered a formal Notice of Claim so as to comply with the Mississippi Tort Claims Act.

Any Reference to "actionable conduct" shall collectively be referred to facts, circumstances, and events providing a basis for my client's claims. Plaintiff files this notice so as to comply with requirements as to certain claims under State law. Nevertheless, Plaintiff reserves the right to provide additional or alternative details should this matter be ongoing and reserves the right to speak directly to any issues here prior to litigation, or in litigation. This is for the purposes of notice only and should be construed as such.  =

Plaintiff further reserves the right to supplement, amend, define, or re-define potential legal theories or causes of action he may bring arising out of the events referred to. While he may choose to voluntarily disclose potential causes of action for the purpose of your evaluation, any information that goes beyond specific notice requirements of the Mississippi Tort Claims Act should be considered for your information only, and subject to potential change as he further evaluates his claims.

Further, any further information provided should be for informational purposes only so as to assist with your evaluation, though Plaintiff maintains the notice requirements to provide basic information are met by this letter.

Finally, Plaintiff reserves all arguments as to why applicable notice requirements should not apply as to certain claims to the extent that may be founded in law or fact.

## NOTICE OF CLAIMS

Plaintiff worked for Defendant from on or about July 2017.  Plaintiff is not absolutely sure of this date, but she nevertheless certainly worked for Defendant for well over 2 years.  Plaintiff worked as an Administrative Assistant.  She was paid a salary.

In mid-May 2021, the school district transitioned to a new superintendent, Dr. Debra Powell.

On July 19, 20, and 21st, Plaintiff took approved leave because she had acquired time and was entitled to that leave.  Plaintiff informed her immediate supervisor, Ms. Shintri Hathorn.  The leave was approved by Ms. Hathorn.

Upon reasonable information and belief, the assistant superintendent, Dr. Shinelle Mayers, and HR Rep, Hannah Brooks were also informed of this leave.

All days off were approved through the chain of command.  In alternative and in addition, Plaintiff performed no action nor inaction which would have negated her right to take the leave.

On or about Thursday July 22, Claimant returned to work and worked from approximately 8am to 3pm.

Plaintiff had previously planned to have her Covid vaccination on Friday July 23rd. She complied with all policies for taking a brief time off on Friday.

On or about Friday the 23rd, Plaintiff in fact tested positive for Covid-19 and informed her Employer.

On or about Sunday July 27th, Dr. Deborah Powell, superintendent contacted Plaintiff and asked for the Covid results acknowledging that she knew Plaintiff claimed she was positive due to her call the prior Friday.  Plaintiff informed Dr. Powell that she did not in fact have the written Covid results because they had not been given to her by the doctor although the doctor verbally told her regarding the positive test.

Plaintiff obtained the documentation on Tuesday July 27th and had previously maintained communication regarding her efforts to receive the test result.

In the morning of July 27th, Dr. Mayers indicated something was in the file but not to worry.

Plaintiff was in quarantine for 14 days up until August 10th.

Apparently, Plaintiff was terminated on or about July 26th.  Although a letter was apparently sent by Certified Mail, Claimant did not receive it until September 1st.  Dr. Mayers told Plaintiff that Plaintiff was terminated but could not say why.

Plaintiff clearly suffered from a serious health condition and sought to take reasonable leave, but that leave was not accommodated.  Plaintiff was terminated in violation of the Family Medical Leave Act (FMLA).

Ms. Steele remains willing to share further information upon specific request regarding further details of her injuries, but this letter represents a statement of the circumstances bringing about the injuries, the extent of the injuries, the time and place of the injuries, and the persons involved.

Plaintiff reserves the right to pursue State and Federal claims including but not limited to those arising under the Family Medical Leave Act, arising in breach of contract, negligence including but not limited to negligent infliction of emotional distress, gross negligence, tortious breach of contract, and any other State and Federal claim that come to light. PLAINTIFF MAINTAINS THAT CERTAIN CLAIMS ARE NOT SUBJECT TO THE NOTICE REQUIREMENTS OF THE MISSISSIPPI TORT CLAIMS ACT.  ANY REFERENCE TO THOSE CLAIMS IS FOR INFORMATIONAL PURPOSES ONLY AND DOES NOT WAIVE ANY ARGUMENTS THAT THOSE CLAIMS ARE NOT REQUIRED TO BE NOTICED BY A TORT CLAIMS ACT NOTICE SUCH AS THE PRESENT.

Plaintiff fully reserves the right to define the legal theories Plaintiff intends to pursue with reference to applicable law but mentions the above in the interest of your fair evaluation of this matter. The above reference to proposed claims and theories are for general information only and Plaintiff reserves the right to claim additional or alternative claims and causes of action. Plaintiff intends to bring claims arising out of any statutory

violations or ordinance violations found to be supported. Plaintiff otherwise reserves the right to claim any other statutory, regulatory, or ordinance violations as a basis for causes of action and negligence per se, or other causes of action insofar as they are found to be supported. Plaintiff otherwise reserves the right to claim that the district acted recklessly and/or with reckless indifference and/or in such other manner so as to hold the district liable.

Plaintiff reserves the right to claim all economic and non-economic damages recoverable including but not limited to compensation for lost wages and/or loss of wage-earning capacity, medical losses (past, present, and reasonably anticipated), emotional distress damages, pain and suffering, mental anguish, loss of enjoyment of life, attorney's fees and costs of the expenses of the action, prejudgment interest and post-judgment interest, and punitive damages to the extent recoverable. Plaintiff claims all damages available under State and Federal law including but potentially not limited to the FMLA Plaintiff reserves the right to claim all damages recoverable under law no less than $500,000.00 while reserving the right to revise the claimed amount as needed.

Plaintiff has suffered significant lost wages, lost benefits of employment, and has undergone severe financial hardship along with its resulting effects as a result of not having employment. She has suffered emotional distress, mental anguish, and other non-economic losses in addition to her economic losses. The job loss had a significant effect upon her because she is without basic income and not able to meet basic needs therefore also reasonably and logically causing mental anguish, loss of enjoyment of life, and pain and suffering.

Plaintiff reserves the right to bring claims and causes of action under the Mississippi Tort Claims Act in any State or Federal Court of competent jurisdiction.

Please assure communications go through my office and that you do not contact Plaintiff directly. Should you have any further questions or see any reason this does not fulfill applicable notice requirements under law, please contact me immediately or I will assume all notice requirements and other requirements prior to the commencement of this action have been met. Please complete the attached receipt and return it in the self-addressed enclosed envelope.

Sincerely,

Michael R. Brown, Esq.
The Michael R. Brown Law Offices

MRB/jb

## ACKNOWLEDGEMENT OF RECEIPT
## OF NOTICE OF CLAIM

I,_____, do hereby acknowledge receipt of a Mississippi Tort Claims Act – Notice of Claim for the above matters regarding *NIKHAL STEELE v. HOLMES COUNTY SCHOOL DISTRICT.*

       SO ACKNOWLEDGED, this the_____day of_____, A.D., 2022.

By: _____

Title: _____

Witness: _____
                             Signature

**Please return this page in the stamped self-addre**

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Superintendent, CEO, or other
Highest Officer
313 Olive St.
Lexington, MS 39095

9590 9403 0396 5163 5480 70

2. Article Number (Transfer from service label)

7019 1640 0000 3306 0190

PS Form 3811, April 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Annie Wilson          ☑ Agent
                        ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
Annie Wilson                     3/16/23

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt